### LAWRENCE, JOHNSON & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. July 23, 1903.)

#### No. 2,917.

1. CUSTOMS DUTIES—CLASSIFICATION—SHEEPSKINS WITH THE WOOL ON—CABRETTA SKINS.

In construing Tariff Act July 24, 1897, c. 11, § 2, Free List, par. 664, 30 Stat. 201 [U. S. Comp. St. 1901, p. 1688], which provides for the exemption from duty of certain skins, except "sheepskins with the wool on," *held* that skins with the wool on of the cabretta, a hybrid resulting from a cross between a sheep and a goat, are "sheepskins," within the meaning of said paragraph, and should be classified as such for duty purposes.

On application of importers to review a decision of the Board of General Appraisers, which affirmed the classification of the collector of customs at the port of New York.

Howard T. Walden, for appellants.
D. F. Lloyd, for the United States.

HAZEL, District Judge. The merchandise covered by the protest of the importers consists of skins with the wool on of the cabretta, a cross between a sheep and a goat. The admixture between the sheep and the goat results in the production of a hybrid that is neither the one nor the other. Some cabrettas have wool on their skins, and others, resembling the goat, have practically none, or only hair,

like the goat; hence their skins can be utilized only as goatskins. It appears by the evidence that these skins, arriving from Brazil, are tied in baies, each bale holding approximately 250 skins. The total number having wool on, in the shipment, is ascertained by an examination of a separated few in each bale, and then the number and their weight are averaged. Usually the percentage of wool-bearing skins in each bale is 40 to 50 per cent. No duty was assessed upon the raw skins, as such skins are admitted free, under Tariff Act July 24, 1897, c. 11, § 2, Free List, par. 664, 30 Stat. 201 [U. S. Comp. St. 1901, p. 1688], but the collector assessed duty upon the skins with the wool on at the rate of 3 cents per pound, holding such wool to be wool on a sheepskin. The protestants claim that as the animals from which the skins were taken were hybrids, and were not skins of sheep, the wool on the skins is entitled to free entry. The ruling of the collector was sustained by the Board of General Appraisers without examining the skins, or taking evidence of their character to support their finding. Evidence was then taken on reference, preliminary to the review of the decision of the Board of General Appraisers by this court. I have examined the proofs, and am of the opinion that the collector was correct in assessing the cabretta skins with the wool on as sheepskins with the wool on. My reasons for that conclusion, briefly stated, are that the cabretta belongs not only to the specie of sheep, but is so closely related that it is difficult to distinguish the difference between the wool-bearing skins of the sheep and of the hybrid, except that the cabretta ordinarily has wool on the sides, with hair, or an admixture of wool and hair, down the back. Moreover, the expert witness for the government testified that cabretta skins with the wool on are also called sheepskins. The denominative exception in paragraph 664 is sufficiently broad, in my opinion, to include the cabretta skin with the wool on. It cannot reasonably be contended that importers of this class of merchandise did not clearly understand that the intent of Congress, at the time of the passage of the tariff act, was to assess a duty upon wool of the sheep and their species. The importers do not seriously claim that the cabretta at the time of the passage of the tariff act had a commercial designation which distinguished that animal from the sheep. In accordance with these views, the classification of the skins with the wool on by the collector was right.

The decision of the Board of General Appraisers is approved.